O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CELADOR INTERNATIONAL LTD., et al., | ) ) ) | Case No. CV 04-03541 VAP(RNBx) |
| Plaintiff, | ) ) | **JUDGMENT** |
| v. | ) ) | |
| THE WALT DISNEY COMPANY, et al., | ) ) ) | |
| Defendants. | ) ) | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

This action came on regularly for trial on June 1, 2010, in Courtroom 2 of the above entitled Court, the Honorable Virginia A. Phillips, United States District Judge presiding.  Plaintiff Celador International Ltd. appeared by its attorneys Roman M. Silberfeld, Bernice Conn, and Marcia J. Harris of the law firm Robins, Kaplan, Miller & Ciresi LLP and Defendants The Walt Disney Company, American Broadcasting Companies, Inc., Buena Vista Television, and Valleycrest Productions Ltd. appeared by their attorneys, Martin D. Katz and Whitney

Beth Walters of the law firm Sheppard Mullin Richter & Hampton LLP.

A jury of nine persons was regularly impaneled and sworn to try the action.  Witnesses were sworn and testified.

On June 29, 2010, after hearing the evidence, the arguments of counsel and the instructions given to the jury, a jury of nine persons retired to consider its verdict, and on July 7, 2010, returned its verdict by way of answers to the questions propounded to it, as follows:

1

**<u>VERDICT FORM NO. 1</u>**

2

**PROPER PARTY**

3   1.   Did Celador Productions enter into the Rights

4  Agreement as the agent for Celador International?

5       ✓   Yes                 _____No

6  If you answer "Yes" to Question No. 1, then go on to the

7  verdict forms below.  If you answer "No" to Question No.

8  1, then sign and date this verdict form and return your

9  verdict to the Clerk of the Court (and do not go on to

10  the verdict forms below).

11

Signed:  _____/S/_____

12

         Presiding Juror

13

Dated:   __July 7, 2010_____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**VERDICT FORM NO. 2**</u>

**CONTRACT INTERPRETATION**

1.  Does the phrase "Pilot and/or Series" as used in Paragraphs 2, 3 and 4 of Exhibit "B" exclude merchandising rights and expenses?

    ✓  Yes            _____No

Please answer the next question.


2.  Are BVT/Valleycrest entitled to deduct merchandising distribution expenses under Paragraph 2 in Exhibit B to the Rights Agreement (as modified by Paragraph 3(B)(3)(vi) of the main text of the Rights Agreement), when read in conjunction with the definition of "Defined Receipts" in Exhibit B and the "separate pot" language contained in the main text of the Rights Agreement at Paragraph 3.B.(3)(I)?

    _____Yes            ✓  No

Please answer the next question.


3.  Does Paragraph 3(B)(1) [Contingent Compensation] of the Rights Agreement entitle Plaintiff to receive "fifty percent (50%) of one hundred percent (100%) of the Defined Contingent Compensation (as defined according to ABC/BVT's standard definition as set forth in Exhibit "B")" derived by American Broadcasting Companies, Inc., Buena Vista Television (and Valleycrest Productions, Inc.

4

1 as an assignee) from the exploitation of any Pilot and
2 Series?
3         ✓  Yes                _____No
4 Please answer the next question.
5
6     4.  As to the advance calculation, does Paragraph
7 3(B)(2) [Contingent Compensation] of the Rights Agreement
8 entitle Plaintiff to receive "twenty five percent (25%)
9 of one hundred percent (100%) of the Adjusted Defined
10 Receipts  ("ADR") (which term, as used herein, shall be
11 defined according to ABC/BVT's standard definition of
12 Adjusted Defined Receipts as set forth below)" derived by
13 American Broadcasting Companies, Inc., Buena Vista
14 Television (and Valleycrest Productions, Inc. as an
15 assignee) from the exploitation of the Series.
16         ✓  Yes                _____No
17 Please answer the next question.
18
19     5.  Does the phrase "all sums actually received by
20 or credited to BVT" in Exhibit "B" following numbered
21 Paragraph 5 include revenues from affiliated companies?
22         ✓  Yes                _____No
23
24 Signed:  _____/S/_____
25          Presiding Juror
26 Dated:  __July 7, 2010_____
27 Go on to the next verdict form.
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>VERDICT FORM NO. 3</u>**

**Breach Of Contract**

**(American Broadcasting Companies, Inc.)**

We answer the questions submitted to us as follows:

1.  Did Celador Productions, Celador International, Ltd. and American Broadcasting Companies, Inc. enter into a contract [the Rights Agreement]?

       ✓  Yes           _____No

If your answer to question 1 is yes, then answer question 2.  If you answered no, have the presiding juror sign and date this form.

2.  Did Celador Productions and Celador International, Ltd. do all, or substantially all, of the significant things that the contract required them to do?

       ✓  Yes           _____No

If your answer to question 2 is yes, answer question 3. If you answered no, have the presiding juror sign and date this form.

3.  Did all the conditions occur that were required for American Broadcasting Companies, Inc.'s performance?

       ✓  Yes           _____No

If your answer to question 3 is yes, then answer question 4.  If you answered no, have the presiding juror sign and date this form.

1      4.   Did American Broadcasting Companies, Inc. fail
2   to do something that the contract required it to do?
3           ✓   Yes                _____No
4   If your answer to question 4 is yes, then answer question
5   5.   If you answered no, have the presiding juror sign and
6   date this form.
7
8      5.   Was Celador International, Ltd. harmed by that
9   failure?
10          ✓   Yes                _____No
11
12  Signed:   _____/S/_____
13          Presiding Juror
14  Dated:   __July 7, 2010__
15
16  Go on to the next verdict form.
17
18
19
20
21
22
23
24
25
26
27
28

7

**<u>VERDICT FORM NO. 4</u>**

**Breach Of Contract**

**(Buena Vista Television)**

We answer the questions submitted to us as follows:

1.  Did Celador Productions, Celador International, Ltd. and Buena Vista Television enter into a contract [the Rights Agreement]?

✓ Yes　　　　　_____No

If your answer to question 1 is yes, then answer question 2.  If you answered no, have the presiding juror sign and date this form.

2.  Did Celador Productions and Celador International, Ltd. do all, or substantially all, of the significant things that the contract required them to do?

✓ Yes　　　　　_____No

If your answer to question 2 is yes, then answer question 3.  If you answered no, have the presiding juror sign and date this form.

3.  Did all the conditions occur that were required for Buena Vista Television's performance?

✓ Yes　　　　　_____No

If your answer to question 3 is yes, then answer question 4.  If you answered no, have the presiding juror sign and date this form.

4.   Did Buena Vista Television fail to do something that the contract required it to do?

✓   Yes                    _____No

If your answer to question 4 is yes, then answer question 5.  If you answered no, have the presiding juror sign and date this form.


5.   Was Celador International, Ltd. harmed by that failure?

✓   Yes                    _____No


Signed:  _____/S/_____

         Presiding Juror

Dated:  __July 7, 2010____

Go on to the next verdict form.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERDICT FORM NO. 5

### Breach Of Contract

### (Valleycrest Productions Ltd.)

We answer the questions submitted to us as follows:

1.  Did Buena Vista Television assign some or all of its obligations under the Rights Agreement to Valleycrest Productions Ltd.?

✓ Yes            _____No

If your answer to question 1 is yes, then answer question 2.  If you answered no, have the presiding juror sign and date this form.

2.  Did Celador Productions and Celador International, Ltd. do all, or substantially all, of the significant things that the contract required them to do?

✓ Yes            _____No

If your answer to question 2 is yes, then answer question 3.  If you answered no, have the presiding juror sign and date this form.

3.  Did all the conditions occur that were required for Valleycrest Production Ltd.'s performance?

✓ Yes            _____No

If your answer to question 3 is yes, then answer question 4.  If you answered no, have the presiding juror sign and date this form.

1    4.   Did Valleycrest Productions Ltd. fail to perform
2 the obligations of the Rights Agreement that it was
3 required to perform?
4         ✓   Yes               _____No
5 If your answer to question 4 is yes, then answer question
6 5.  If you answered no, have the presiding juror sign and
7 date this form.

9    5.   Was Celador International, Ltd. harmed by that
10 failure?
11         ✓   Yes               _____No

14 Signed: _____/S/_____
15     Presiding Juror
16 Dated: ___July 7, 2010_____

18 Go on to the next verdict form.

## <u>VERDICT FORM NO. 6</u>

**Breach of the Implied Covenant of Good Faith and Fair Dealing**

**(American Broadcasting Companies, Inc.)**

We answer the questions submitted to us as follows:

1.  Did Celador Productions, Celador International, Ltd. and American Broadcasting Companies, Inc. enter into a contract [the Rights Agreement]?

    ✓  Yes        _____No

If your answer to question 1 is yes, then answer question 2.  If you answered no, have the presiding juror sign and date this form.


2.  Did Celador Productions and Celador International, Ltd. do all, or substantially all, of the significant things that the contract required them to do?

    ✓  Yes        _____No

If your answer to question 2 is yes, answer question 3. If you answered no, have the presiding juror sign and date this form.


3.  Did all the conditions occur that were required for American Broadcasting Companies, Inc.'s performance?

    ✓  Yes        _____No

If your answer to question 3 is yes, then answer question 4. If you answered no, have the presiding juror sign and date this form.

4.  Did American Broadcasting Companies, Inc. unfairly interfere with Celador International's right to receive the benefits of the contract?

✓  Yes                    _____No

If your answer to question 4 is yes, then answer question 5.  If you answered no to this question,  have the presiding juror date and sign this form.

5.  Was Celador International, Ltd. harmed by that failure?

✓  Yes                    _____No


Signed:  _____/S/_____

    Presiding Juror

Dated:  __July 7, 2010_____


Go on to the next verdict form.

## <u>VERDICT FORM NO. 7</u>

**Breach of the Implied Covenant of Good Faith and Fair Dealing**

**(Buena Vista Television)**

We answer the questions submitted to us as follows:

1.  Did Celador Productions, Celador International, Ltd. and Buena Vista Television enter into a contract [the Rights Agreement]?

✓ Yes                _____ No

If your answer to question 1 is yes, then answer question 2.  If you answered no, have the presiding juror sign and date this form.

2.  Did Celador Productions and Celador International, Ltd. do all, or substantially all, of the significant things that the contract required them to do?

✓ Yes                _____ No

If your answer to question 2 is yes, answer question 3. If you answered no, have the presiding juror sign and date this form.

3.  Did all the conditions occur that were required for Buena Vista Television's performance?

✓ Yes                _____ No

14

1  If your answer to question 3 is yes, then answer question

2  4. If you answered no, have the presiding juror sign and

3  date this form.

4

5      4.   Did Buena Vista Television unfairly interfere

6  with Celador International's right to receive the

7  benefits of the contract?

8          ✓  Yes            _____No

9  If your answer to question 4 is yes, then answer question

10  5.  If you answered no, have the presiding juror sign and

11  date this form.

12

13      5.   Was Celador International, Ltd. harmed by that

14  failure?

15          ✓  Yes            _____No

16

17

18  Signed:  _____/S/_____

19      Presiding Juror

20  Dated:  __July 7, 2010_____

21

22  Go on to the next verdict form.

23

24

25

26

27

28

1

## <u>VERDICT FORM NO. 8</u>

2  **Breach of the Implied Covenant of Good Faith and Fair**

3  **Dealing**

4  **(Valleycrest Productions Ltd.)**

5      We answer the questions submitted to us as follows:

6

7      1.   Did Buena Vista Television assign some or all of

8  its obligations under the Rights Agreement to Valleycrest

9  Productions Ltd.?

10          ✓  Yes              _____No

11  If your answer to question 1 is yes, then answer question

12  2.  If you answered no, have the presiding juror sign and

13  date this form.

14

15      2.   Did Celador Productions and Celador

16  International, Ltd. do all, or substantially all, of the

17  significant things that the contract required them to do?

18          ✓  Yes              _____No

19  If your answer to question 2 is yes, answer question 3.

20  If you answered no, have the presiding juror sign and

21  date this form.

22

23      3.   Did all the conditions occur that were required

24  for Valleycrest Productions Ltd.'s performance?

25          ✓  Yes              _____No

26

27

28

If your answer to question 3 is yes, then answer question 4.  If you answered no, have the presiding juror sign and date this form.

4.   Did Valleycrest Productions Ltd. unfairly interfere with Celador International's right to receive benefits of the contract?

✓ Yes                    _____No

If your answer to question 4 is yes, then answer question 5.  If you answered no, have the presiding juror sign and date this form.

5.   Was Celador International, Ltd. harmed by that failure?

✓ Yes                    _____No


Signed: _____/S/_____

        Presiding Juror

Dated:  __July 7, 2010_____

Go on to the next verdict form.

**<u>VERDICT FORM NO. 9</u>**

**Waiver**

1.   Did Celador International, Ltd. waive its right to assert its Network License Claim?

_____Yes                    ✓   No


Signed:   _____/S/_____

          Presiding Juror

Dated:   __July 7, 2010_____


<u>Go on to the next verdict form.</u>

18

**VERDICT FORM NO. 10**

**Damages and Audit Adjustments**

If you answered "yes" to Question No. 5 on one or more of Verdict Form Nos. 3, 4, 5, 6, 7 or 8, then answer Question Nos. 1, 2 and 3 below.  However, you should not answer these Question Nos. 1(a) and 3(a), regarding the Network License Claim, if you answered "yes" to Question No. 1 on Verdict Form No. 9.  If you did not answer "yes" to Question No. 5 on one or more of Verdict Form Nos. 3, 4, 5, 6, 7 or 8, then answer only Question Nos. 2 and 3 below.

    1.  What are Celador International, Ltd.'s damages?

        (a)  Network License Claim    $260,238,024.00

        (b)  The Merchandising Claim   $9,193,774.00

    2.  Should certain audit adjustments be made to Profit Participation Statement #2 (Exhibit "4").

      ✓ Yes          _____No

If your answer to question 2 is yes, then answer question 3.  If you answered no, have the presiding juror sign and date this form.

1        3.   If certain audit adjustments should be made to

2   Profit Participation Statement #2 (Exhibit "4"), what is

3   the amount of the adjustments that should be made?

4              (a)  Network License        $2,882,848.00

5              (b)  Merchandising          $217,197.00

6

7   Signed:  _____/S/_____

8                  Presiding Juror

9   Dated:  ___July 7, 2010___

10

11      It appearing by reason of the special verdicts that

12  Plaintiff Celador International Ltd. is entitled to

13  judgment against Defendants American Broadcasting

14  Companies, Inc., Buena Vista Television, and Valleycrest

15  Productions Ltd., and is entitled to costs reasonably

16  incurred,

17

18      **NOW, THEREFORE, IT IS ADJUDGED, ORDERED AND DECREED**

19  that:

20

21  (1) Pursuant to the Court's March 6, 2009 Order[1]:

22      (a)  Plaintiff Lusam Music Ltd.'s claim for copyright

23           infringement against Defendant Walt Disney World

24           Co. is DISMISSED with prejudice;

25

26

27  _____

28      [1]The Honorable Florence-Marie Cooper presiding.

1        (b)   Plaintiff Celador International Ltd.'s claim for

2              breach of fiduciary duty against Defendants

3              American Broadcasting Companies, Inc. and Buena

4              Vista Television is DISMISSED with prejudice;

5

6        (c)   Plaintiff Celador International Ltd.'s claim for

7              constructive fraud against Defendants American

8              Broadcasting Companies, Inc. and Buena Vista

9              Television is DISMISSED with prejudice;

10

11   (2)  Pursuant to the parties' April 9, 2009 Stipulation

12       and the Court's April 13, 2009 Order,[2] the Honorable

13       Florence Marie Cooper presiding, to the extent

14       Plaintiff Lusam Music Ltd. asserts any claims other

15       than its claim for copyright infringement, such

16       claims are DISMISSED without prejudice.

17

18   (3)  Pursuant to the Court's June 24, 2010 Order Granting

19       in Part and Denying in Part Defendants' Motion for

20       Judgment as a Matter of Law:

21

22       (a)   Plaintiff Celador International Ltd.'s claim

23             against Defendants American Broadcasting

24             Companies, Inc. and Buena Vista Television for

25             fraudulent inducement is DISMISSED with

26             prejudice;

27   _____

28       [2]The Honorable Florence-Marie Cooper presiding.

1        (b)  Plaintiff Celador International Ltd.'s claim
2             against Defendant The Walt Disney Company for
3             tortious interference with contract is DISMISSED
4             with prejudice;

5

6  (4)  Pursuant to the Court's June 18, 2009 Order,[3]

7      Plaintiff Paul Smith's claims are DISMISSED with

8      prejudice;

9

10  (5)  Plaintiff Celador International Ltd.'s claim for an

11     accounting against Defendant Buena Vista Television

12     is DISMISSED without prejudice;

13

14  (6)  Plaintiff Celador International Ltd.'s claim against

15     Defendants The Walt Disney Company, American

16     Broadcasting Companies, Inc., Buena Vista Television,

17     and Valleycrest Productions Ltd. for unfair

18     competition under California Business & Professions

19     Code section 17200 is DISMISSED without prejudice;

20

21  (7)  On Plaintiff Celador International Ltd.'s claims

22     against Defendants American Broadcasting Companies,

23     Inc., Buena Vista Television, and Valleycrest

24     Productions Ltd. for breach of contract and breach of

25     the implied covenant of good faith and fair dealing,

26

27 _____

28     [3]The Honorable Florence-Marie Cooper presiding.

1    Judgment is hereby entered in favor of Plaintiff

2    Celador Productions International Ltd.;

3

4    (8) Defendants American Broadcasting Companies, Inc.,

5    Buena Vista Television, and Valleycrest Productions

6    Ltd. shall pay Plaintiff Celador International Ltd.

7    the sum of $269,431,789.00;

8

9    (9) Plaintiff Celador International Ltd. shall recover

10   its costs of suit on the claims set forth in Counts 1

11   and 2 of the Second Amended Complaint, as taxed by

12   the Clerk; and

13

14   (10)Post-judgment interest will accrue as set forth in 28

15   U.S.C. § 1961, all such post-judgment interest to run

16   until the Judgment against Defendants American

17   Broadcasting Companies, Inc., Buena Vista Television,

18   and Valleycrest Productions Ltd. is paid in full.

19

20

21   Dated:  August 27, 2010

     _____

22   VIRGINIA A. PHILLIPS
     United States District Judge

23

24

25

26

27

28